IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY SKOCZALEK | : | CIVIL ACTION |
| v. | : | |
| RAYMOND LAWLER, et al. | : | No. 10-1703 |

**MEMORANDUM**

September 15, 2010

Presently before the Court is a pro se petition for writ of habeas corpus (Docs. No. 1, 4) filed pursuant to 28 U.S.C. § 2254 by Henry Skoczalek ("Petitioner"), an individual currently incarcerated at the State Correctional Institution at Huntingdon. Also before the Court is Petitioner's unopposed motion for a stay (Doc. No. 1) of his habeas petition pending a resolution of his recently filed state PCRA petition. For the reasons that follow, the stay will be granted and the habeas petition be held in abeyance pending exhaustion of state court remedies.

**FACTS AND PROCEDURAL HISTORY**

On June 13, 2007, Petitioner entered a plea of not guilty to the charges of aggravated assault and simple assault. On July 31, 2007, the Honorable Glenn B. Bronson of the Court of Common Pleas of Philadelphia County sentenced Petitioner to ten (10) to twenty (20) years of imprisonment.

No direct appeal was filed. On July 13, 2008, Petitioner filed a pro se petition under Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9451, et seq., alleging ineffective assistance of trial counsel. See Exhibit 1 to Petitioner's

Memorandum of Law in Support of Writ of Habeas Corpus, at 2-7.  On August 14, 2009, a hearing was held on Petitioner's PCRA petition and PCRA relief was denied.  See Petitioner's Memorandum of Law in Support of Writ of Habeas Corpus, at 2.  The Pennsylvania Superior Court dismissed Petitioner's appeal of the denial of PCRA relief on March 17, 2010, for failure to file a brief.  Id. at 2.

On April 12, 2010, Petitioner filed a motion for a stay (Doc. No. 1) of his habeas petition pending a resolution of his state PCRA petition.  On April 16, 2010, Petitioner filed his second PCRA petition.  See Petitioner's Memorandum of Law in Support of Writ of Habeas Corpus, at 3.  Respondents herein filed a response on August 16, 2010, stating that they have no objection to Petitioner's motion to stay his petition for writ of habeas corpus. (Doc. No. 9).

**DISCUSSION**

A federal court, absent unusual circumstances, should not entertain a petition for writ of habeas corpus unless the petitioner has first satisfied the exhaustion requirement of 28 U.S.C. § 2254.  See 28 U.S.C. § 2254(b).  Under § 2254(b), a petitioner will not be deemed to have exhausted available state remedies if he had the right under the law of the state to raise, by any available procedure, the question presented.  O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("we ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts"); see also Picard v. Connor, 404 U.S. 270

2

(1971). The exhaustion requirement is rooted in considerations of comity and is designed to protect the role of the state court in the enforcement of federal law and to prevent disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 518 (1982); Castille v. Peoples, 489 U.S. 346, 349 (1989). In order for a claim to be exhausted a petitioner must present each claim in the habeas petition to every available level of state court review. Lambert v. Blackwell, 387 F.3d 210, 232 (3d Cir. 2004). The habeas corpus petitioner has the burden of proving exhaustion of all available state remedies. Toulsen v. Beyer, 987 F.2d 984, 987 (3d Cir.1993).

When confronted with a "mixed petition" containing both exhausted and unexhausted claims the Supreme Court has held that federal courts may "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." Rhines v. Weber, 544 U.S. 269, 274-275 (2005). The possibility of a stay eliminates the potential "risk of [petitioners] forever losing their opportunity for any federal review of their unexhausted claims." Id. at 275. The Third Circuit has held that the granting of a stay is proper "when an outright dismissal could jeopardize the timeliness of a collateral attack." Crews v. Horn, 360 F.3d 146, 154 (3d Cir. 2004). Further, the Supreme Court has stated that it would be "an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in potentially dilatory tactics." Rhines,

3

544 U.S. at 278.

A petitioner may file a "protective" petition meriting a stay even where only unexhausted claims are at issue. Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir 2009). "Indeed a distinction between mixed and non-mixed petitions would make no sense in the context of granting a stay to avoid penalizing a prisoner for reasonable confusion about state court filing requirements." Id. at 191. In order to prevail, a petitioner must satisfy the three requirements for a stay as laid out in Rhines: good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics. See Id.; Rhines, 544 U.S. at 278.

In discussing "good cause" the Supreme Court has determined that a petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court. Pace v. DiGuglielmo, 544 U.S. 408, 416-417 (2005). In the instant matter, Petitioner timely filed his initial PCRA petition on July 13, 2008. Counsel was appointed and after a hearing held on August 14, 2009, PCRA relief was denied. An appeal was filed in the Superior Court of Pennsylvania. The Superior Court dismissed Petitioner's petition on March 17, 2010 for failure to file a brief. I conclude that as a result of counsel's failure to file a brief on Petitioner's behalf in Superior Court, there is a reasonable possibility that Petitioner will be permitted to file an appeal of the denial of PCRA relief in the Pennsylvania Superior Court nunc pro tunc, enabling Petitioner to exhaust his state court remedies.

4

The Supreme Court has determined, in discussing whether a petitioner's claims are potentially meritorious, that the district court would abuse its discretion if it were to grant a stay when a petitioner's claims are "plainly meritless." Rhines, 544 U.S. at 277; see also Mahoney v. Bostel, 366 Fed. Appx. 368, 370 (3d Cir. 2010). In the instant case, I do not find that Petitioner's claims will ultimately be found meritorious, however, I decline to find that his claims are "plainly meritless." Further, I note that respondents did not assert that Petitioner's claims are "plainly meritless."

Finally, there is no indication that Petitioner is engaging in potentially dilatory tactics. Rhines, 544 U.S. at 278. On the contrary, Petitioner appears to have been diligent in filing his various appeals.

For the foregoing reasons, and in light of the fact that the District Attorney for Philadelphia County has no objection, Petitioner's motion to stay his petition for writ of habeas corpus will be granted, and the petition stayed pending resolution of Petitioner's claims presently under review in the Pennsylvania state courts.

An appropriate order follows.