IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY SKOCZALEK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| RAYMOND LAWLER, et al. | : | No. 10-1703 |

## MEMORANDUM

J. WILLIAM DITTER, JR., J.                                    January 30, 2017

This is a *pro se* petition for a writ of *habeas corpus* filed pursuant to 28 U.S.C. §

2254 by Petitioner Henry Skoczalek.  Petitioner challenges his 2007 sentence imposed for

aggravated assault.  For the reasons that follow, the petition is dismissed.

## FACTS AND PROCEDURAL HISTORY:

On June 13, 2007, Petitioner entered a plea of not guilty to the charges of

aggravated assault and simple assault.  On July 31, 2007, the Honorable Glenn B.

Bronson of the Court of Common Pleas of Philadelphia County sentenced Petitioner to 10

to 20 years of imprisonment.

No direct appeal was filed.  On July 13, 2008, Petitioner filed a *pro se* petition

under Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9451, *et*

*seq.*  On August 14, 2009, PCRA relief was denied.  The Pennsylvania Superior Court

dismissed Petitioner's appeal of the denial of PCRA relief on March 17, 2010, for failure

to file a brief.

On April 16, 2010, Petitioner filed the instant *habeas* petition along with a motion

to stay his petition pending resolution of his state court proceedings.  Petitioner filed his

second PCRA petition on the same date seeking reinstatement of his right to appeal the

PCRA court's decision.

On September 15, 2010, the Honorable Lowell A. Reed, Jr., granted Petitioner's

unopposed motion for a stay of his federal *habeas* petition pending resolution of state

court proceedings and placed this case in suspense.  Judge Reed ordered Petitioner to

notify the court within 30 days of the conclusion of state court proceedings and advised

him that "failure to abide by this deadline may result in the stay being vacated *nunc pro*

*tunc*."

On March 28, 2011, the PCRA court granted Petitioner's right to file a new notice

of appeal.  This case was transferred to my docket on April 29, 2011.  On February 16,

2012, the Pennsylvania Superior Court denied relief on the merits of Petitioner's claims.

Petitioner then filed a petition for allowance of appeal in the Pennsylvania Supreme

Court.

While Petitioner's federal *habeas* case was in suspense, I awaited word about the

progress of Petitioner's state appeal.  After there had been years of seeming inactivity, I

contacted the Philadelphia District Attorney's Office in September 2016 for a case status

update.  I was informed that Petitioner's final state court appeal was denied by the

Pennsylvania Supreme Court on December 4, 2014.  Inexplicably, the public docket was

not updated to reflect the resolution of this appeal.  On October 5, 2016, I ordered an

2

updated status report from Respondents.  On that same date, I ordered Petitioner to advise me by November 9, 2016, if he would like to withdraw his pending *habeas corpus* petition or if he would like proceed with review of his *habeas* petition.[1]  Respondents filed a motion to dismiss Petitioner's *habeas* petition.  There has been no response from Petitioner.

## DISCUSSION

In 2010, Petitioner was instructed to keep the court apprised of the resolution of his state court proceedings and notified that "failure to abide by this deadline may result in the stay being vacated *nunc pro tunc*."  On October 5, 2016, he was ordered to advise the court as to how he wished to proceed with his case.  He has not communicated with this court since 2010, when his case was placed in suspense pending exhaustion of his state court proceedings.  Petitioner's failure to prosecute his *habeas* petition in this court requires dismissal of his petition.  Fed.R.Civ.P. 41(b) (district courts have the authority to dismiss an action for failure of a plaintiff to prosecute the claim).

Even if, however, I had not concluded that Petitioner's failure to prosecute his case required dismissal, I would conclude that Petitioner's failure to comply with this court's orders justifies vacating the 2010 stay *nunc pro tunc* and enforcing the federal statute of limitations.

Section 101 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA")

---

[1]  I also confirmed that Petitioner is still incarcerated at the State Correctional Institute at Huntingdon.

imposes a one (1) year limitation period to applications for writ of *habeas corpus* filed by

persons in state custody.  28 U.S.C.A. § 2244(d)(1).  Section 2244 provides that the one

(1) year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The statute also provides that the time during which a properly

filed application for state post-conviction or other collateral review is pending shall not be

counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).

In the instant case, the applicable starting point for the statute of limitations is "the

date on which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review."  *Swartz v. Meyers*, 204 F.3d 417, 419 (3d

Cir. 2000).  Petitioner's conviction became final on August 31, 2007, when his time for

filing a direct appeal expired. *Gonzalez v. Thaler*, - U.S. - , 132 S.Ct 641 (2012) (a judgment becomes "final" for purposes of § 2244(d)(1)(A) when the time for seeking direct review in the state court expires). Consequently, Petitioner would normally have had until August 31, 2008, to timely file his § 2254 petition. However, on July 22, 2008 – 325 days into his one (1) year federal statute of limitations – Petitioner filed his PCRA petition. Because this petition was filed in accordance with Pennsylvania's procedural requirements, it is considered a "properly filed application" for post-conviction relief, thereby tolling the one (1) year limitation period. See 28 U.S.C. § 2254(d)(2).

The Pennsylvania Supreme Court affirmed denied allowance of appeal on December 4, 2014. At this time, the one (1) year grace period began to run again and Petitioner had 40 days left on his federal statute of limitations, plus the 30 days given to him to provide the court with a status report per Judge Reed's 2010 order. Thus, Petitioner had 70 days, or until February 12, 2015, to contact the court in a timely fashion.[2] Because Petitioner has not contacted the court at all, even after being ordered to do so, his stay shall be vacated *nunc pro tunc* and his petition denied as untimely.

An appropriate order follows.

---

[2] Because he has not contacted the court regarding this case, Petitioner has not attempted to argue that his petition is timely, *see* 28 U.S.C. § 2244(d)(1)(B)-(D), or set forth any equitable arguments which would make application of the statute of limitations unfair.

5